**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **QUALITY SAUSAGE COMPANY, LLC,** | § | |
| **HM INTERNATIONAL LLC, GREGORY** | § | |
| **R. GEIB, AND KATHRYN M. GEIB,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **CIVIL ACTION NO. 4:17-cv-111** |
| **v.** | § | |
| | § | |
| **TWIN CITY FIRE INSURANCE CO.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Twin City Fire Insurance Company ("Defendant" or "Twin City") files this First Amended Answer to Plaintiffs' Complaint pursuant to the Federal Rules of Civil Procedure as follows.

### DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Twin City denies all allegations that are not specifically admitted herein.

1.      Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

2.      Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

**Exhibit A**

3.      Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

4.      Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore neither admits nor denies same, but demands strict proof thereof.

5.      Twin City admits the allegations contained in the first and third sentences of Paragraph 5 of Plaintiffs' Complaint. Twin City denies the allegations contained in the second sentence of Paragraph 5 of Plaintiffs' Complaint.

6.      Twin City admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.      Twin City can neither admit nor deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint as it is without sufficient information as to Plaintiffs' residency.

8.      Twin City admits the allegations in Paragraph 8 of Plaintiffs' Complaint.

9.      Twin City admits that it issued Policy No. 61 KB 0287307-14, to Quality Sausage Company, LLC (the "Policy"). Twin City otherwise denies the remaining allegations in Paragraph 9 of Plaintiffs' Complaint.

10.     Twin City admits that the Policy had a policy period of November 1, 2014 to November 1, 2015. Twin City otherwise denies the remaining allegations in Paragraph 10 of Plaintiffs' Complaint.

11.     Twin City admits it issued an endorsement no. 8 to the Policy effective November 5, 2014, that states among other things:

This endorsement modifies insurance provided under:

**PRIVATE CHOICE OVATION<sup>SM</sup> POLICY**

I.    **COMMON TERMS AND CONDITIONS**, section **II. COMMON DEFINITIONS**, the definition of **Subsidiary,** is amended to include the following entity: <u>Windsor Parent, LP; AMS GP, LLC; HM International LLC</u>

Twin City otherwise denies the remaining allegations in Paragraph 11 of Plaintiffs' Complaint.

12.    Twin City admits the allegations in Paragraph 12 of Plaintiffs' Complaint.

13.    Twin City admits the allegations in Paragraph 13 of Plaintiffs' Complaint.

14.    Twin City admits the allegations in Paragraph 14 of Plaintiffs' Complaint.

15.    Twin City admits that the Crime Coverage Part of the Policy includes a Computer and Funds Transfer Fraud insuring agreement and the limit of liability for the Computer and Funds Transfer Fraud insuring agreement is $500,000.

16.    Twin City denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.    Twin City denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.    Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint that Plaintiff HMI is a subsidiary of Plaintiff Quality Sausage Company and therefore, neither admits nor denies same, but demands strict proof thereof.  Twin City denies the remaining allegations in Paragraph 18 of Plaintiffs' Complaint.

19.    Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

20.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

21.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

22.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

23.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

24.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

25.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

26.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

27.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

28.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

29.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

30.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

31.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 31 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

32.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 32 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

33.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

34.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

35.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

36.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 36 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

37.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

38.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

39.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

40.     Twin City denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Twin City admits that a letter dated April 28, 2015, was purportedly sent by Todd C. Donohue of The Wolf Law Firm, P.C. to Anne Smalling, the terms of which speak for itself. Twin City otherwise denies the remaining allegations in Paragraph 41 of Plaintiffs' Complaint.

42.     Twin City admits that a letter dated May 15, 2015, was sent by Tamara Rains to Mr. Michael V. Branley, the terms of which speak for itself. Twin City otherwise denies the remaining allegations in Paragraph 42 of Plaintiffs' Complaint.

43.     Twin City admits that a letter dated May 21, 2015, was sent to Tamara Rains, the terms of which speak for itself. Twin City otherwise denies the remaining allegations in Paragraph 43 of Plaintiffs' Complaint.

44.     Twin City admits that a letter dated October 1, 2015, was sent to Tamara Rains, the terms of which speak for itself. Twin City otherwise denies the remaining allegations in Paragraph 44 of Plaintiffs' Complaint.

45.     Twin City admits that a letter dated December 16, 2015, was sent to Aaron Davidson of Klemchuk LLP, the terms of which speak for itself. Twin City otherwise denies the remaining allegations in Paragraph 45 of Plaintiffs' Complaint.

46.     Twin City denies the allegation contained within Paragraph 46 of Plaintiffs' Complaint.

47.     Twin City denies that all conditions precedent have been performed or have otherwise occurred. No proof of loss has been filed with Twin City by any of the Plaintiffs.

48.     Paragraph 48 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to Paragraph 48, Twin City denies the allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

49.     Paragraph 49 of the Plaintiffs' Complaint does not require a response.

50.     Paragraph 50 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required

to Paragraph 50, Twin City denies the allegations set forth in Paragraph 50 of Plaintiffs' Complaint.

51.     Twin City denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.     The first sentence of Paragraph 52 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to the first sentence of Paragraph 52, Twin City denies the allegations set forth in the first sentence of Paragraph 52 of Plaintiffs' Complaint. Twin City denies the remaining allegations in Paragraph 52 of Plaintiffs' Complaint.

53.     Twin City admits that the Policy contains the language quoted in part, in Paragraph 53 of Plaintiffs' Complaint.

54.     Twin City admits that the Policy contains the language quoted in part, in Paragraph 54 of Plaintiffs' Complaint. Twin City denies the remaining allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Twin City admits the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     Twin City admits that the Policy contains in part, the language quoted in Paragraph 56 of Plaintiffs' Complaint.  However, Paragraph 56 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to Paragraph 56, Twin City denies the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

57.     Twin City denies the allegations contained within Paragraph 57 of Plaintiffs' Complaint.

58.     Twin City admits that the Policy contains the language quoted in part, in Paragraph 58 of Plaintiffs' Complaint. Twin City denies the remaining allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Twin City denies the allegations contained within Paragraph 59 of Plaintiffs' Complaint.

60.     Twin City admits that a letter dated October 1, 2015, was sent to Tamara Rains, the terms of which speak for itself. Twin City otherwise denies the allegations contained within Paragraph 60 of Plaintiffs' Complaint.

61.     Twin City denies the allegations contained within Paragraph 61 of Plaintiffs' Complaint.

62.     Twin City denies the allegations contained within Paragraph 62 of Plaintiffs' Complaint.

63.     Twin City admits that the Policy contains the language quoted in part, in Paragraph 63 of Plaintiffs' Complaint.

64.     Twin City admits it issued an endorsement to the Policy effective November 5, 2014, that states among other things:

This endorsement modifies insurance provided under:

**PRIVATE CHOICE OVATION**$^{SM}$ **POLICY**

**COMMON TERMS AND CONDITIONS**, section **II. COMMON DEFINITIONS**, the definition of **Subsidiary,** is amended to include the following entity: <u>Windsor Parent, LP; AMS GP, LLC; HM International LLC</u>

Twin City otherwise denies the remaining allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Twin City denies that the use of a computer fraudulently caused a transfer of money. *See Apache Corp. v. Great Am. Ins. Co.*, 662 Fed.Appx. 252 (5th Cir. 2016). Twin City admits that the Policy contains the language quoted in part, in Paragraph 65 of Plaintiffs' Complaint. Twin City otherwise is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 65 of Plaintiffs' Complaint and therefore neither admits nor denies same, but demands strict proof thereof.

66.     Twin City admits that the Policy contains the language quoted in part, in Paragraph 66 of Plaintiffs' Complaint. Otherwise, Paragraph 66 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to Paragraph 66, Twin City denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

67.     Twin City admits that the Policy contains the language quoted in part, in Paragraph 67 of Plaintiffs' Complaint. Twin City denies the remaining allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Twin City admits that a letter dated April 28, 2015, was purportedly sent by Todd C. Donohue of The Wolf Law Firm, P.C. to Anne Smalling, the terms of which speak for itself. Twin City otherwise denies the remaining allegations in Paragraph 68 of Plaintiffs' Complaint.

69.     Twin City is without sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 69 of Plaintiffs' Complaint and therefore, neither admits nor denies same, but demands strict proof thereof.

70.     Twin City denies that any alleged loss of money followed and was directly related to the use of a computer to fraudulently cause a transfer of money. *See Apache Corp. v. Great*

*Am. Ins. Co.*, 662 Fed.Appx. 252 (5th Cir. 2016). Twin City denies the remaining allegations in Paragraph 70 of Plaintiffs' Complaint.

71.     Twin City denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.     Twin City denies that any alleged loss of money followed and was directly related to the use of a computer to fraudulently cause a transfer of money. *See Apache Corp. v. Great Am. Ins. Co.*, 662 Fed.Appx. 252 (5th Cir. 2016). Twin City denies the remaining allegations in Paragraph 72 of Plaintiffs' Complaint.

73.     Twin City admits that the Policy contains the language quoted in part, in Paragraph 73 of Plaintiffs' Complaint.

74.     Twin City admits that the Policy contains the language quoted in Paragraph 74 of Plaintiffs' Complaint. Twin City denies the remaining allegations contained in Paragraph 74 of Plaintiffs' Original Complaint.

75.     Twin City admits that the Policy contains the language quoted in Paragraph 75 of Plaintiffs' Complaint. Twin City denies the remaining allegations contained within Paragraph 75 of Plaintiffs' Complaint.

76.     Twin City denies the allegations in Paragraph 76 of Plaintiffs' Complaint.

77.     Twin City denies the allegations in Paragraph 77 of Plaintiffs' Complaint.

78.     Paragraph 78 of Plaintiffs' Complaint does not require a response.

79.     Paragraph 79 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions. To the extent a response is required to Paragraph 79, Twin City denies the allegations set forth in Paragraph 79 of Plaintiffs' Complaint.

80.     Paragraph 80 of Plaintiffs' Complaint does not require a response.

81.     Paragraph 81 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions. To the extent a response is required to Paragraph 81, Twin City denies the allegations set forth in Paragraph 81 of Plaintiffs' Complaint.

82.     Paragraph 82 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions. To the extent a response is required to Paragraph 82, Twin City denies the allegations set forth in Paragraph 82 of Plaintiffs' Complaint.

83.     Paragraph 83 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions. To the extent a response is required to Paragraph 83, Twin City denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint.

84.     Paragraph 84 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions. To the extent a response is required to Paragraph 84, Twin City denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint.

85.     Twin City denies the allegations contained within Paragraph 85 of Plaintiffs' Complaint.

86.     Paragraph 86 of Plaintiffs' Compliant does not require a response.

87.     Paragraph 87 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions. To the extent a response is required

to Paragraph 87, Twin City denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint.

88.     Paragraph 88 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to Paragraph 88, Twin City denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint.

89.     Paragraph 89 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to Paragraph 89, Twin City denies the allegations set forth in Paragraph 89 of Plaintiffs' Complaint.

90.     Paragraph 90 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to Paragraph 90, Twin City denies the allegations set forth in Paragraph 90 of Plaintiffs' Complaint.

91.     Paragraph 91 of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to Paragraph 91, Twin City denies the allegations set forth in Paragraph 91 of Plaintiffs' Complaint.

92.     The Jury Demand and Prayer For Relief of Plaintiffs' Complaint contains no factual allegations for Twin City to admit or deny but instead asserts legal conclusions.  To the extent a response is required to The Prayer For Relief, Twin City denies the allegations set forth in The Prayer For Relief of Plaintiffs' Complaint.

93.     Twin City specifically and affirmatively asserts that Plaintiffs Quality Sausage Company, LLC, Gregory R. Geib and Kathryn M. Geib lack standing to bring claims against Twin City.

94      Twin City specifically and affirmatively asserts that Twin City had a good faith basis for the denial of Plaintiffs' claims.

95.     Twin City specifically and affirmatively asserts that Plaintiffs' claims are subject to all definitions, terms and conditions of the Policy.

96.     Twin City specifically and affirmatively asserts that it has no contractual duty or liability under the Policy because the Policy excludes coverage for a loss in connection with any Claim brought or maintained by or on behalf of any Insured. The Policy provides:

## IV.     EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS

The Insurer shall not pay **Loss**:

(H) in connection with any **Claim** brought or maintained by or on behalf of any **Insureds** (in any capacity) or any security holder of an **Insured Entity**, provided that this exclusion shall not apply to the portion of Loss directly resulting from:

(1) a civil proceeding by a security holder of an **Insured Entity**, in their capacity as such, that is brought and maintained without the solicitation, assistance, or active participation of any **Insured Entity** or **Manager**; or

(2) a **Derivative Action** or a **Derivative Demand**;
Note: **Sarbanes-Oxley Whistle-blowing** alone shall not be deemed solicitation, assistance or participation for purposes of paragraphs (1) and (2) above.

**(3)** an **Insured Person Claim** by or on behalf of an **Employee** who is not a past or present **Manager** if such **Claim** is made without the assistance, participation or solicitation of any **Manager;**

**(4)** an **Insured Person Claim** by or on behalf of a **Manager** for wrongful termination of such **Manager;**

**(5)** a civil proceeding by or on behalf of a former **Manager** who has not served in such capacity for at least one year prior to such **Claim** being made, provided that such **Claim** is made without the assistance, participation or solicitation of any current **Manager** or any former **Manager** who has served in such capacity during the one year prior to such **Claim** being made;

**(6)** a civil proceeding by or on behalf of an **Insured Person** for contribution or indemnification if such **Claim** directly results from a **Claim** that is otherwise covered under this **Liability Coverage Part**;

**(7)** an **Insured Person Claim** brought and maintained in a jurisdiction outside the United States of America, Canada, Australia or any other common law country (including territories thereof) by a **Manager** due to a pleading requirement of such jurisdiction; or

**(8)** a civil proceeding by any bankruptcy trustee, examiner, receiver, liquidator, creditor(s) committee of the **Insured Entity** or rehabilitator (or any assignee thereof) after such bankruptcy trustee, examiner, receiver, liquidator or rehabilitator has been appointed;

97.     Twin City specifically and affirmatively asserts that it has no contractual duty or liability under the Directors, Officers and Entity Liability Coverage Part of the Policy because the Policy excludes coverage for a loss in connection with a claim based upon, arising from, or in any way related to any actual or alleged rendering of, or failure to render, any services for or on behalf of others for fee. The Policy provides:

**IV.    EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS**

The Insurer shall not pay **Loss**:

* * *

**(F)** In connection with any **Claim** based upon, arising from, or in any way related to any actual or alleged:

**(1)** malfunction of any product, or failure of any product to perform in any manner as a result of any deficiency, inadequacy, unfitness, defect or dangerous condition in any product or in its design or manufacture; or

**(2)** rendering of, or failure to render, any services for or on behalf of others for a fee, including, without limitation, services performed by or on behalf of the **Insureds** for or on behalf of a customer or client;

Provided, however, that this exclusion shall not apply to the portion of **Loss** directly resulting from: (i) a civil proceeding brought by a security holder of an **Insured Entity**, in their capacity as such, that is brought and maintained without the solicitation, assistance, or active participation of any **Insured Entity** or **Manager**; or (ii) a **Derivative Action** or a **Derivative Demand**.

98.     Twin City specifically and affirmatively asserts that it has no contractual duty or liability under the Directors, Officers and Entity Liability Coverage Part of the Policy because the Policy excludes coverage under the Entity Liability Insuring Agreement for any loss in connection with any claim "based upon, arising from, or in any way related to any actual or alleged liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement."

99.     Twin City specifically asserts that it has no contractual duty or liability under the Crime Coverage Part of the Policy because Plaintiffs Gregory R. Geib and Kathryn M. Geib are not Insureds under the Crime Coverage Part of the Policy. The Policy provides: Coverage for the **Insureds'** loss or expense is provided under the following Insuring Agreements for which there is a Limit of Insurance shown in the Declarations. The Policy further defines Insured(s) in the Crime Coverage Part as any Insured Entity. And, the Policy defines Insured Entity to include: The Named Entity or any Subsidiary. Neither Gregory R. Geib nor Kathryn M. Geib qualify as an Insured Entity under the Crime Coverage Part of the Policy.

100.     Twin City specifically asserts that it has no contractual duty or liability under the Crime Coverage Part of the Policy because the alleged loss did not follow and directly relate to the use of any computer to fraudulent cause a transfer of money. *See Apache Corp. v. Great Am. Ins. Co.*, 662 Fed.Appx. 252 (5th Cir. 2016). The Policy provides:

**(E)**     **INSURING AGREEMENT 5. – COMPUTER AND FUNDS TRANSFER FRAUD**

The Insurer will pay for loss of and loss from damage to **Money, Securities and Other Property** following and directly related to the use of any computer to fraudulently cause a transfer of that **Money, Securities** and **Other Property** from inside the **Premises or Banking Premises**:

**(1)** to a person (other than a **Messenger**) outside those Premises; or

**(2)** to a place outside those **Premises**.

And, the Insurer will pay for loss of **Money** or **Securities** through **Funds Transfer Fraud** resulting directly from **Fraudulent Transfer Instructions** communicated to a **Financial Institution** and instructing such institution to pay, deliver, or transfer **Money or Securities** from an Insured's **Transfer Account**.

101.    Twin City specifically asserts that it has no contractual duty or liability under the Crime Coverage Part of the Policy because the alleged loss of money did not result directly from a fraudulent transfer instruction communicated to a financial institution and instructing such institution to pay, deliver, or transfer money from an Insured's transfer account.

102.    Twin City specifically asserts that it has no contractual duty or liability under the Crime Coverage Part of the Policy because the property at issue is not covered under the Crime Coverage Part of the Policy. The Policy provides:

**(K) OWNERSHIP OF PROPERTY; INTEREST COVERED**

**(1)** The property covered under this **Non-Liability Coverage Part** is limited to **Money**, **Securities** or **Other Property**:

**(a)** that an **Insured** owns or leases; or

**(b)** owned by an **Insured's** client and which the **Insured** holds on its **Premises** or which is in the custody of one acting as the **Insured's Messenger** and while such **Money**, **Securities** or **Other Property** is in transit; or

**(c)** for which an **Insured** is legally liable excepting loss of client **Money**, **Securities** or other **Property Occurring** on such client's premises.

However, this **Non-Liability Coverage Part** is for the **Insureds**' benefit alone and no other person or organization has any rights or benefits. Any claim for a loss of client **Money**, **Securities** or **Other Property** occurring on an Insured's Premises or while in transit in the custody of a **Messenger** may only be made by an **Insured** in its proof of loss.

The property at issue is not money, securities or other property that an Insured owns or leases, is not owned by an Insured's client, held on the Premises of the Insured or in the custody of one acting as an Insured's Messenger while the money is in transit, and is not property for which an Insured is legally liable.

103.    Twin City specifically asserts that it has no contractual duty or liability under the Crime Coverage Part of the Policy because the Policy excludes coverage for loss that is an indirect result of any act or Occurrence covered by the Crime Coverage Part. The loss alleged by Plaintiffs was incidental to and an indirect result of any act or Occurrence that may be covered by the Crime Coverage Part. The Policy provides:

## V. EXCLUSIONS (Applying To All Insuring Agreements Unless Otherwise Specified)

### This Coverage Part Does Not Apply To And The Insurer Will Not Pay For:

* * *

**(H)        Indirect Loss**
Loss that is an indirect result of any act or **Occurrence** covered by this **Non-Liability Coverage** Part. . .

104.    Twin City specifically asserts that it has no contractual duty or liability under the Crime Coverage Part of the Policy because the Insureds under the Policy did not give a detailed, sworn proof of loss within one hundred twenty (120) days after discovery of the alleged loss as required by the Policy.

105.    Twin City specifically asserts that the alleged loss, if any, is subject to the Other Insurance provision of the Policy. The Policy provides:

XII.    OTHER INSURANCE

If Loss arising from any Claim is insured under any other valid and collectible policy or policies, then this Policy shall apply only in excess of the amount of any deductibles, retentions and limits of liability under such other policy or policies, whether such other policy or policies are stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written specifically excess of this Policy by reference in such other policy or policies to this Policy's Policy Number.

106.    Twin City asserts it is entitled to offsets and credits to the extent any portion of the alleged loss is or has been recovered from a third party.

107.    Twin City reserves the right to add additional affirmative and policy defenses as the discovery in this matter continues.

### CONCLUSION

For these reasons, Twin City Fire Insurance Company respectfully requests this Court to render a take nothing judgment against Plaintiffs, that Twin City be awarded costs of court and such other relief to which Twin City may be entitled in this action.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By:  */s/ Christine Kirchner*
Christine Kirchner
Attorney-in-Charge
State Bar No. 00784403
Michelle L. Sloan
State Bar No. 24093037
Houston, Texas 77002
Telephone: (713) 658-1818
Telecopier: (713) 658-2558
christine.kirchner@chamberlainlaw.com
michelle.sloan@chamberlainlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

   I do hereby certify that on this 14th day of June 2018 the foregoing was filed in this matter via the Court's CM/ECF system, which will electronically notify all counsel of record of the filing.

   Aaron D. Davidson
   Timothy J.H. Craddock
   **Klemchuk LLP**
   8150 N. Central Expressway, 10th Floor
   Dallas, Texas 75206
   Telephone: (214) 367-6000
   Telecopier: (214) 367-6001
   aaron.davidson@klemchuk.com
   tim.craddock@klemchuk.com
   **Counsel for Plaintiff**

   Todd Donahue
   The Wolf Law Firm, P.C.
   1360 N. White Chapel Blvd.
   Southlake, Texas 76092
   **Counsel for Gregory R. Geib**

         /s/ Christine Kirchner
         Christine Kirchner

2779472