United States District Court
Southern District of Texas
**ENTERED**
September 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY SAUSAGE COMPANY, LLC, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-111 |
| | § § | |
| TWIN CITY FIRE INSURANCE CO., | § § | |
| Defendant. | | |

## ORDER

Before the Court are Defendant's Motion for Summary Judgment on HMI's Remaining Claims ("Twin City's MSJ") (Doc. #84), Plaintiff HM International, LLC's Response (Doc. #85), and Defendant's Reply (Doc. #86). Having reviewed the parties' arguments and applicable legal authority, the Court grants in part and denies in part Twin City's MSJ.

I. **Background**

a. **The Policy**

This dispute arises from the denial of insurance coverage concerning a claim for an alleged loss due to fraudulent wiring instructions. Defendant Twin City Fire Insurance Co. ("Twin City") issued an insurance policy providing coverage from November 1, 2014, to November 1, 2015, naming Plaintiff HM International LLC ("HMI") as an insured (the "Policy"). Doc. #84 at 3; *id.*, Ex. A. Relevant to Twin City's MSJ, the Policy provides the following:

- "The Insurer [Twin City] shall have the right and duty to defend Claims covered under the Policy, even if such Claim is groundless, false or fraudulent, provided that: . . . the Insureds give notice . . . ." *Id.*, Ex. A at Private Choice Ovation Policy, § VII(A).

- "Claim" includes an "Entity Claim." *Id.* at Directors, Officers and Entity Liability Coverage Part, § II.

- "Entity Claim" includes a "written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand . . . against an Insured Entity."[1] *Id.*

- "[T]he Insurer shall pay Loss[2] on behalf of an Insured Entity resulting from an Entity Claim first made against such Insured Entity during the Policy Period or Extended Reporting Period, if applicable, for a Wrongful Act[3] by an Insured Entity." *Id.* at § I(C).

- "The Insurer shall not pay Loss . . . in connection with any Claim based upon, arising from, or in any way related to any actual or alleged . . . rendering of, or failure to render, any services for or on behalf of others for a fee, including, without limitation, services performed by or on behalf of the Insureds for or on behalf of a customer or client." *Id.* at § IV(F)(2) (hereinafter, this provision will be referred to as the "Service for Fee" exclusion).

- "The Insurer shall not pay Loss . . . in connection with any Claim brought or maintained by or on behalf of any Insureds (in any capacity) . . . ." *Id.* at § IV(H) (hereinafter, this provision will be referred to as the "Insured v. Insured" exclusion).

- "The Insurer shall not pay Loss . . . in connection with any Claim based upon, arising from, or in any way related to any actual or alleged . . . liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement." *Id.* at § V(A)(1) (hereinafter, this provision will be referred to as the "Contract-based" exclusion).

### b. The Incident

In January 2015, HMI and its client Gregory Geib fell victim to a fraudster, who submitted fraudulent wiring instructions via email to HMI allegedly on behalf of Geib. Doc. #84, Ex. D at TC 602. Pursuant to those fraudulent wiring instructions, HMI improperly transferred $1,000,000.00 from Geib's account to the account of a sham company. *Id.* Ultimately, all but $90,000.00 were lost

---

[1] Twin City concedes that HMI is an Insured Entity under the Policy. Doc. #36, Ex. C at Response to Request for Admission No. 3.
[2] "Loss" includes "Defense Costs," such as reasonable and necessary legal fees and expenses. Doc. #84, Ex. A at Private Choice Ovation Policy, § II.
[3] "Wrongful Act" includes "any actual or alleged . . . error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed by . . . an Insured Entity." *Id.*, Ex. A at Directors, Officers and Entity Liability Coverage Part, § II.

2

to the fraudster. *Id.* As a result, on April 28, 2015, counsel for Geib submitted a formal demand (the "Demand Letter") to HMI to "compensate [Geib] for [his] loss" because HMI's "failure to employ proper controls and failure to take reasonable care in safeguarding the Geib's assets" led to the fraudulent transfer. *Id.* at TC 603. Counsel for Geib compared this incident to prior wire transfer requests by Geib:

> [HMI] effectuated the transfer of $1,000,000.00 . . . without any effort to authenticate [Mr. Geib's] identity or the validity of the wire transfer request. [HMI] relied solely on unverifiable email communications in dispossessing Mr. Geib of non-recoverable, liquid assets. When Mr. Geib made similar wire transfer requests in his past dealings with [HMI], the transaction involved a telephone conversation with Mr. Geib, which would confirm his identity and the validity of the subject wire transfer. . . . Transactions of this magnitude were not commonly requested by Mr. Geib. However, when such a transfer was made by Mr. Geib, it customarily involved the same group of accounts . . . . Here, [the account] was an unknown, newly-formed and unsubstantiated entity. Finally, the email communications relied upon by [HMI] contained misspellings and informal abbreviations that were clear deviations from the manner and style in which Mr. Geib would communicate with [HMI].

*Id.* at TC 602–03.

In May 2015, HMI forwarded the Demand Letter to Twin City for purposes of coverage and defense against Geib. *Id.* at TC 601. After reviewing the demand, Twin City determined that the incident fit certain exclusions in the Policy and, on October 1, 2015, denied HMI coverage and defense. Doc. #84, Ex. H.

Subsequently, on January 13, 2017, HMI initiated this action in this Court, seeking the enforcement of Twin City's alleged duty to indemnify and duty to defend. Doc. #1. Specifically, HMI asserted breach of contract claims regarding the Policy, a bad faith claim and unfair settlement practices claim under the Texas Insurance Code, and a common law breach of duty of good faith and fair dealing claim. *Id.* at ¶¶ 49–89. Then, during the pendency of this action, HMI entered into a settlement agreement with Geib, "entered into solely to settle the dispute raised by [Geib's] April 2015 demand." Doc. #36 at 17–18.

After reviewing Twin City's Motion for Summary Judgment (Doc. #34), HMI's Motion for

3

Partial Summary Judgment (Doc. #36), and responses thereto, in an August 24, 2018 Order, this Court held that HMI was not entitled to indemnity for settlement of Geib's demand:

> The claim settled by [Geib] was undisputedly settled more than two years after [Geib] discovered the potential negligence. As such, the negligence claim was not one in which HMI faced legal liability. As HMI fails to articulate a non-time barred claim that was settled and covered by the policy, the Court does not need to examine whether the exclusions apply as to the duty to indemnify. As such summary judgment in favor of Twin City is appropriate as to this claim.

Doc. #72 at 2. The Court denied HMI's subsequent motion for reconsideration on this issue. Doc. #83. Separately, regarding a duty to defend, this Court held that the policy exclusions articulated by Twin City supporting the denial of a defense must be examined:

> As there are fact issues relevant to whether the transfers performed for [Geib] were done pursuant to a contract, for a fee, or gratuitously, summary judgment on the applicability of the exclusions is inappropriate. Accordingly, summary judgment on this claim is inappropriate and denied.

Doc. #72 at 2.

Now, Twin City again moves for summary judgment on the duty to defend issue (in essence, moving for reconsideration of the issue after the Court already decided it in its August 24, 2018 Order) and on all of HMI's remaining claims. Doc. #84.

## II. Legal Standards

### a. Motion for Reconsideration

A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal citations omitted). Additionally, such a motion "is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

4

### b. Motion for Summary Judgment

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A genuine dispute as to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. [Courts must construe] all facts and inferences in the light most favorable to the nonmoving party. But summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Rogers v. Bromac Title Services, L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (internal citations omitted).

### c. Duty to Defend and the Eight-Corners Rule

In the Fifth Circuit, "courts routinely adjudicate the scope of insurers' duty to defend under Texas law. To this point, both Texas courts and federal courts have consistently applied the eight-corners rule. According to the eight corners rule, the scope of an insurer's duty to defend is determined exclusively by the allegations in the pleadings and the language of the insurance policy." *GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 682–83 (5th Cir. 2012) (internal citations omitted). Furthermore, "[t]he scope of the duty to defend is interpreted broadly: Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. Terms in insurance policies that are subject to more than one reasonable construction are interpreted in favor of coverage." *Nat'l Cas. Co. v. W. World Ins. Co.*, 669 F.3d 608, 612–13 (5th Cir. 2012) (internal citations omitted).[4]

---

[4] When applying the eight-corners rule, the Fifth Circuit has viewed demand letters as the relevant pleading to compare to the language of the insurance policy to determine coverage, where the policy provides that a demand qualifies as a claim. *See, e.g.*, *Spec's Family Partners, Ltd. v. Hanover Ins. Co.*, 739 Fed. Appx. 233, 238 (5th Cir. 2018) (unpublished) ("Whether [the insurer] owed [the insured] a duty to defend turns on whether the two demand letters contain at least one claim that potentially falls within . . . scope of coverage under the Policy."). As outlined above, the Policy's definition of claim includes demands like the one submitted by counsel for Geib.

5

However, the Fifth Circuit has recognized a very limited exception to the eight-corners rule: "when it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004) (emphasis in original). When the Fifth Circuit has applied this exception to look beyond the eight-corners of the demand and policy, the extrinsic facts have been undisputed. *See, e.g.*, *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 476 (5th Cir. 2009); *Star-Tex Res., L.L.C. v. Granite State Ins. Co.*, 553 Fed. Appx. 366, 373 (5th Cir. 2014) (unpublished).

### III. Analysis

Recently, the Fifth Circuit summarized its position on the limited exception to the eight-corners rule when it certified a question of law to the Supreme Court of Texas. *State Farm Lloyds v. Richards*, No. 18-10721, 2019 WL 4267354 (5th Cir. Sept. 9, 2019) (unpublished). The appellate court stated that it "has assumed [the exception's] viability because the Texas Supreme Court has cited it with approval." *Id.* at *3. But "there is no controlling Texas Supreme Court caselaw determining whether there's a policy-language exception to the eight-corners rule." *Id.* at *10.

In its August 24, 2018 Order, when determining whether Twin City had a duty to defend HMI, this Court applied the exception to consider evidence extrinsic to the Demand Letter and the Policy. The Court then held that the evidence was disputed and gave rise to "fact issues" that precluded summary judgment. Doc. #72 at 2. However, after analyzing the Fifth Circuit's emphasis on the narrow applicability of the exception to the eight-corners rule in *Richards*, the Court believes that it applied the exception when such application was not warranted—such that its August 24, 2018 Order contained a "manifest error of law." *Ross*, 426 F.3d at 763. Accordingly, with regards to the duty to defend issue in this action, a reconsideration of the Court's August 24, 2018 Order, related motions,

6

and any responses thereto is necessary.

### a. The limited exception does not apply and, consequently, Twin City breached a duty to defend that it owed to HMI.

Pursuant to the eight-corners rule, the Court initially limits its analysis to the Demand Letter and the Policy. *GuideOne Specialty Mut. Ins. Co.*, 687 F.3d at 682–83. First, the Court examines the Demand Letter. Although the Demand Letter indicates that Geib and HMI have had a lengthy relationship concerning wire transfer requests, it is unclear from the demand whether a contract or agreement governed that relationship, whether a fee was charged for the fraudulent transfer at issue, and whether Geib was a client of HMI or something more. *See* Doc. #84, Ex. D at TC 602–03 ("Mr. Geib made similar wire transfer requests in his past dealings"). Additionally, Geib's allegations against HMI sound in negligence. *Id.* at TC 603 (HMI "fail[ed] to employ proper controls and fail[ed] to take reasonable care in safeguarding [Geib's] assets").

Next, the Court examines the Policy. The duty to defend in the Policy is a broad one and covers claims even if they are "groundless, false or fraudulent." Doc. #84, Ex. A at Private Choice Ovation Policy, § VII(A). Considered along with the Policy, the Demand Letter constitutes an "Entity Claim" against an "Insured Entity" (*i.e.*, HMI) for a "Wrongful Act" (*i.e.*, negligence in handling Geib's assets). *See id.* at Directors, Officers and Entity Liability Coverage Part, § II.

Importantly, a claim covered by the Policy potentially exists in the Demand Letter even though, as explained above, the applicability of the Service for Fee, Insured v. Insured, and Contract-based exclusions is indeterminable from the face of the demand.[5] Additionally, the duty to defend in

---

[5] After considering the Fifth Circuit's recent guidance in *State Farm Lloyds v. Richards*, the Court holds that the limited exception to the eight-corners rule permitting the review of extrinsic evidence does not apply here, particularly because the extrinsic evidence submitted by HMI and Twin City to aid the Court in resolving questions surrounding the applicability of the Policy exclusions is disputed. When the Fifth Circuit has applied the exception and considered extrinsic evidence, the evidence has been undisputed, unlike here. *See Ooida Risk Retention Group, Inc.*, 579 F.3d at 476; *Star-Tex Res., L.L.C.*, 553 Fed. Appx. at 373.

7

the Policy is a broad one that favors the insured and covers claims even if they are "groundless, false or fraudulent." *Id.*, Ex. A at Private Choice Ovation Policy, § VII(A). Accordingly, the Court follows the "general rule . . . that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy" and holds that a duty to defend existed that Twin City breached as a matter of law. *Nat'l Cas. Co.*, 669 F.3d at 612–13.[6]

Accordingly, the Court (1) denies Twin City's MSJ as to the dispositive relief requested by Twin City, (2) grants Twin City's MSJ as to reconsideration of the duty to defend, (3) vacates in part its August 24, 2018 Order to the extent that Order held that fact issues precluded summary judgment in favor of HMI regarding the duty to defend, and (4) upon reconsideration, grants in part HMI's Motion for Partial Summary Judgment (Doc. #36) as to the duty to defend.

### b. Twin City fails to point the Court to authority that supports dismissal of HMI's remaining extra-contractual claims.

Citing to a definition of "claim" in Chapter 542 of the Texas Insurance Code that seems to apply to first-party claims, Twin City argues that HMI as a third-party is precluded from asserting extra-contractual claims and from relying on *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018). Doc. #84 at 10. However, the *Menchaca* opinion does not discuss a first-party v. third-party distinction or Chapter 542. Instead, *Menchaca* establishes five rules "that govern the relationship between contractual and extra-contractual claims in the insurance context" and analyzes Chapter 541—not Chapter 542—of the Texas Insurance Code. *Menchaca*, 545 S.W.3d at 489.

---

[6] In prior briefing, HMI has argued that if Twin City had a duty to defend HMI against Geib's demand, then Twin City could not contest any liability determinations with regards to HMI and Geib because Twin City had improperly elected not to participate in HMI's defense against Geib. Doc. #74 at 2. However, there was no liability determination because Geib never filed a negligence suit against HMI within the appropriate limitations period—meaning that HMI was not legally liable to Geib for his negligence claims upon the expiration of the limitations period. Doc. #72. Alternatively, if HMI were to argue that a longer limitations period applies because Geib's demand sounds in contract—which HMI has not asserted—the Policy's "Contract-based" exclusion would preclude coverage. Consequently, Twin City's election to not participate in HMI's defense against Geib had no effect on the duty to indemnify issue, and the Court need not revisit it.

Accordingly, because Twin City fails to show that it is entitled to judgment as a matter of law, the Court denies Twin City's MSJ as to HMI's remaining extra-contractual claims.

### IV. Conclusion

For the foregoing reasons, Twin City's MSJ (Doc. #84) is granted in part and denied in part. As to the dispositive relief requested by Twin City, Twin City's MSJ is DENIED. As to reconsideration of the duty to defend, Twin City's MSJ is GRANTED. Furthermore, the Court's August 24, 2018 Order (Doc. #72) is VACATED IN PART to the extent that Order held that fact issues precluded summary judgment in favor of HMI regarding the duty to defend, and HMI's Motion for Partial Summary Judgment (Doc. #36) upon reconsideration is GRANTED IN PART as to the duty to defend.[7]

It is so ORDERED.

SEP 18 2019
Date

The Honorable Alfred H. Bennett
United States District Judge

---

[7] This Order does not address any actual damages suffered by HMI due to Twin City's breach of its duty to defend because the Court does not have sufficient evidence before it to make a determination at this time.

9